

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

───────────────────────

No. 02-25-00170-CV

───────────────────────

FOREST HILLS HOME ASSOCIATION, Appellant

V.

HENRY ROGERS AND DOMINIQUE ROSS, Appellees

───────────────────────────────────────────

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 96-331708-22

───────────────────────────────────────────

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant Forest Hills Home Association attempts to appeal the trial court's December 31, 2024 final judgment. But its appeal is untimely.

Unless a party files a deadline-extending motion, a notice of appeal must be filed within thirty days after the judgment is signed. *See* Tex. R. App. P. 26.1(a). Appellant extended the appellate deadline by timely filing a request for findings of fact and conclusions of law and a motion for new trial, so its notice of appeal was due March 31, 2025. *See* Tex. R. App. P. 26.1(a)(1) ("[T]he notice of appeal must be filed within 90 days after the judgment is signed if any party timely files . . . a motion for new trial [or] a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court[.]"). But Appellant did not file its notice of appeal until April 14, 2025, making the notice untimely. *See id.*

On April 30, 2025, we notified the parties by letter of our concern that we lacked jurisdiction over this appeal because the notice of appeal was untimely. *See* Tex. R. App. P. 26.1. We warned that we could dismiss this appeal for want of jurisdiction unless Appellant or any party wanting to continue the appeal filed a response by May 12, 2025, showing a reasonable explanation for the late filing of the notice of appeal. *See* Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a). We received no response.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because Appellant's notice of appeal was untimely and Appellant has shown no reasonable explanation for its lateness, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 26.1, 42.3(a), 43.2(f); *Mornes v. Cooper*, No. 02-23-00439-CV, 2024 WL 45070, at *1 (Tex. App.—Fort Worth Jan. 4, 2024, no pet.) (mem. op.).

/s/ Brian Walker

Brian Walker
Justice

Delivered: June 5, 2025

3